JOHN Y. McKANE, APPELLANT, *v.* JOHN P. ADAMS, AS PRESIDENT OF THE DEMOCRATIC GENERAL COMMITTEE OF KINGS COUNTY, RESPONDENT.

*Voluntary political association — rejection of a member of the general committee — his remedy.*

An unincorporated political organization for Kings county, with a constitution providing for town and ward associations and for a general county committee, composed of delegates elected by such town and ward associations, which has, by a majority vote of the general committee, rejected a delegate elected thereto, will not be compelled, in the absence of any complaint as to the legality of such expulsion, to admit such delegate to membership in the committee.

Where, as it appeared in this case, from the demand for judgment and the setting forth of the constitution of the democratic organization, that the democratic party or organization was to be considered as the real association, and the members of the committee as officers of such association and not as constituting a separate association, the court would not assume to interfere with the action taken by the committee in this case, as no rights of property or valuable personal privileges, such as seats in exchanges, membership in clubs or benefits, were involved.

*Daily* v. *Packard* (Special Term, 1882) followed.

It was insisted by plaintiff's counsel that such a rule placed political organizations above the law.

*Held*, that such organizations are not above the law, but, in the main, they lie outside of the law.

That if the committee contracted debts their payment might be enforced, or if a convention were turbulent the police would preserve the peace and repress violence, but that political action cannot be the subject of contract or legal obligation.

That the motives which shall dictate the course of a citizen in casting his own vote, or recommending a candidate for the votes of others, he is alone to judge of, and he cannot limit his own freedom in this regard by any contract or association.

APPEAL from a judgment, entered in the office of the clerk of Kings county on October 10, 1888, sustaining a demurrer interposed by the defendant to the amended complaint.

*A. H. Dailey*, for the appellant.

*James & Thomas H. Troy*, for the respondent.

CULLEN, J.:

We think the courts have no jurisdiction of the controversy which is the subject of this action, and that the demurrer to the complaint was properly sustained. The complaint alleges that the Kings County Democratic organization is an unincorporated political organization, with a constitution which provides for town and ward associations and for a general county committee. That such county committee (which is the substantial defendant in this action, sued in the person of its president) is a voluntary unincorporated political association, formed of delegates or members elected by the ward or town associations; that plaintiff was formerly a member of such committee from the town of Gravesend; that in December, 1887, the association of that town for some political fault was disbanded by the general committee; that thereafter the com-

mittee proceeded to reorganize the town association and hold a primary election, at which the plaintiff was elected a delegate to the committee; that the plaintiff is and has been a democrat and qualified to sit in the committee, but that the committee, by a majority vote, rejected, and has since excluded, him. The whole constitution of the Kings County Democratic organization is annexed to the complaint. The relief sought is that it be adjudged that plaintiff was duly elected a member of said committee, and that the plaintiff have judgment for the possession of said office.

This action is without a precedent. The plaintiff states his former membership in the committee and his expulsion therefrom. But for what purpose we do not know, as no complaint of the legality of such expulsion is made. He bases his present right solely on the primary election. He, therefore, stands in the same position as one who had never before been a member of the committee. The action is, therefore, not to restore a party to a membership in a voluntary association, but to compel a voluntary association to admit a new member, unless the democratic party or organization is to be considered the real association, and the committee, officers of such association and not a separate association. From the demand for judgment and the setting forth the constitution of the democratic organization, this latter would seem the true theory of the complaint. But this constitution also provides for conventions and nominations, and the election of delegates to such conventions. If the courts are to determine the right to sit in the general committee, it is equally their duty to determine the rights to sit in conventions. This is a function of supervising political organizations that a court should be loath to assume, unless it is so clearly within its power that it is its duty to exercise the power when invoked.

I am clear that the reverse of this contention is the law. I have found no case where the courts have assumed to interfere with the action of voluntary associations, except where rights of property or valuable personal privileges, such as seats in exchanges, membership in clubs, or benefits, were involved. No such right is concerned here. In the case of *Daily* v. *Packard* (Special Term, 1882), the right to sit in the Republican General Committee was the subject of the action. It was there said: "The sole privilege to which the plaintiff seeks restoration is that of association with his fellow-

members in political action. He is excluded from no right, franchise or special privilege. The general committee has no powers or authority except such as are voluntarily yielded it by the voters of the party it assumes to represent. This voluntary allegiance is a thing incapable of transfer by order of the court. The committee has no franchise. There may be any number of such committees, and any persons may constitute themselves a committee. The defendants have the right to associate themselves for political purposes with whom they will for political purposes; and any number of them may, at any time, decline to act longer with persons objectionable to them. The court cannot compel the defendants to attend a meeting with the plaintiff, nor restrain the defendants from meeting by themselves, or with others, for political objects." We think the rule thus enunciated is correct.

The plaintiff's counsel insists that such a rule places political organizations above the law. This is an error. Such organizations are not above the law, but, in the main, they lie outside of the law. If the committee contracts debts, their payment may be enforced; if a convention is turbulent, the police must preserve the peace and repress violence. But political action cannot be the subject of contract or legal obligations. What motives shall dictate the course of the citizen in casting his own vote, or recommending a candidate for the votes of others, he alone is to judge; and he cannot limit his own freedom in this regard by any contract or association. The law only interferes to punish the use of such influences as the common morality of all persons and parties condemns, such as bribery, intimidation and the like.

It is stated in the complaint that the committee has a fund of $4,000. We do not think this fact affects the case. The plaintiff is not yet a member of the committee, and has, therefore, acquired no right in the fund; and, as already stated, what the plaintiff seeks is not the protection of any property right, but the right of political action.

The judgment appealed from should be affirmed, with costs.

———— concurred.

Judgment affirmed, with costs.